582 So.2d 26 (1991)
TREMACK CO., Appellant,
v.
HOMESTEAD PAVING CO., et al., Appellees.
No. 90-1770.
District Court of Appeal of Florida, Third District.
June 4, 1991.
Rehearing Denied July 29, 1991.
Dennis G. King, Miami, for appellant.
Welbaum, Zook & Jones and Kenn W. Goff, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
This is an appeal of an order granting a judgment notwithstanding the verdict to a surety on a construction project, and a cross-appeal by a subcontractor of the denial of its motion for directed verdict.
Finding no merit to the argument raised in the cross-appeal, we affirm the trial court order entered on a jury verdict finding appellee subcontractor Homestead Paving liable to appellant sub-subcontractor Tremack for acceleration damages incurred on a construction contract.
We reverse that part of the order granting a judgment notwithstanding the jury's verdict to Homestead's surety, Employers Insurance of Wausau. The trial court erred in ruling that, as a matter of law, the particular payment bond involved did not cover acceleration damages. Looking at the content and substance of the words used in the bond itself, and not solely to the title or style of the policy at issue which refers to the bond as a "Subcontract Labor and Material Payment Bond," the bond clearly states that it covers "all labor and material" costs incurred. (Emphasis added.) Accordingly, applying this unambiguous language strictly against the insurer, e.g., Triano v. State Farm Mut. Auto. Ins. Co., 565 So.2d 748 (Fla. 3d DCA 1990), we hold that the bond covers costs incurred *27 due to acceleration of the construction project completion schedule.[1]
Other points raised are without merit.
For the foregoing reasons, the appeal by Tremack against Wausau is reversed and remanded with directions that the trial court enter final judgment in favor of Tremack and against Homestead Paving and Wausau pursuant to the jury verdict.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Based on this analysis, we need not reach the decisions in D.I.C. Commercial Constr. Corp. v. Knight Erection and Fabrication, Inc., 547 So.2d 977 (Fla. 4th DCA 1989) and U.S., f/u/b/o Pertun Constr. Co. v. Harvesters Group, Inc., 918 F.2d 915 (11th Cir.1990). Moreover, we point out that D.I.C. dealt purely with a surety's obligation under a payment bond which specified that its terms did not extend beyond the statutory requirements of section 255.05, Florida Statutes (1989). On the other hand, the case at bar deals strictly with a common law bond; section 255.05 is not mentioned.